**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Oscar REIVES, Defendant–
Appellant.**

**No. 93–5114.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 29, 1993.

Decided Jan. 19, 1994.

tion of successorship principles is inappropriate in this case, there is no issue of material fact in dispute.

**ARGUED:** James Richard Van Camp, Van Camp, West, Hayes & Meacham, Pinehurst, NC, for Appellant. Harry L. Hobgood, Asst. United States Attorney, Greensboro, NC, for Appellee. **ON BRIEF:** Michael J. Newman, Van Camp, West, Hayes & Meacham, Pinehurst, NC, for Appellant. Benjamin H. White, Jr., U.S. Atty., Greensboro, NC, for Appellee.

Before HALL, WILKINSON, and LUTTIG, Circuit Judges.

## OPINION

K.K. HALL, Circuit Judge:

Reives appeals his conviction of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. He raises the single issue of whether it was reversible error for the trial court to refuse to clarify the term "reasonable doubt" when requested to do so by the jury. We find no error, and we affirm.

### I

Reives was convicted on the testimony of two co-conspirators and an undercover policeman; the policeman had no direct dealings with the defendant. Reives proposed the following instruction:

> It is not required that the Prosecution prove guilt beyond all possible doubt. The test is beyond a reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesi-

tate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

> The jury will remember that a Defendant is never to be convicted on mere suspicion or conjecture.

In its charge to the jury, the trial court gave this instruction instead:

> The government has the burden of proving every defendant in a criminal case guilty beyond a "reasonable doubt." And if it fails to do so, you must find the defendant not guilty. While the Government's burden of proof is a strict, or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

> A "reasonable doubt" may arise either from the evidence or from a lack of evidence. As stated earlier, you must consider only the evidence that I have admitted in this case. The term "evidence" includes the testimony of witnesses, and the exhibits admitted into the record.

In the course of the instructions, the court mentioned the term "reasonable doubt" nine other times.

Shortly after the jury had begun deliberations, the foreperson sent the following note to the judge: "We need further clarification as to 'reasonable doubt.'" The trial judge told counsel that he believed that the Fourth Circuit rule was that "the trial court should not try to define 'reasonable doubt,'" an assessment of the law with which the prosecutor agreed. Defense counsel noted that a jury request for clarification was a different situation than merely giving the definition "gratuitously." The court denied the jury's request for "further clarification" and merely reread the instruction initially given. The jury reached its verdict the next day.

### II

#### A

Due process requires proof of every element of a crime beyond a reasonable

doubt, *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), and the Sixth Amendment requires that this standard be applied by a jury, *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The Supreme Court recently held that it is per se reversible error to give a reasonable doubt instruction that arguably decreases the government's burden of proof. *Id.* Reives contends that a wrongly instructed jury's verdict is no less structurally unsound than a verdict from a jury that is demonstrably uncertain about the burden of proof. We are convinced, however, that Reives proposes to cure where there is no illness, and that the cure may indeed make matters worse.

### B

The contours of the overall problem are visible in a Supreme Court case decided almost forty years ago. In *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the instruction under attack defined "reasonable doubt" as " 'the kind of doubt ... which you folks in the more serious and important affairs of your own lives might be willing to act upon.' " *Id.* at 140, 75 S.Ct. at 137. The Court noted that the "willing to act upon" type of instruction "would seem to create confusion rather than misapprehension. Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *Id.* (internal quotation omitted). The Court held, however, that "taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury." *Id.* Just a few months ago, in *Sullivan,* the Court designated a specific "reasonable doubt" instruction as constitutionally deficient. But the Court has offered little guidance on the more general question of whether the term "reasonable doubt" should or

even can be explained to juries. It is an issue that has engendered a fair amount of controversy, but little in the way of hard and fast rules for the trial courts.

### C

The courts of appeals are divided about if, when, and how the concept of "reasonable doubt" should be defined. *See United States v. Nolasco,* 926 F.2d 869, 875 n. 1 [1] (9th Cir.) (en banc) (Wiggins, J., dissenting), *cert. denied,* —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991); Edward J. Devitt et al., *Federal Jury Practice and Instructions,* § 12.10 (4th ed. 1992); Henry A. Diamond, Note, *Reasonable Doubt: To Define, or Not to Define,* 90 Colum.L.Rev. 1716, 1718–21 (1990) ("Note").[2] The Fourth and Seventh Circuits seem to be alone in admonishing trial courts to refrain from attempting any definition. *See United States v. Hall,* 854 F.2d 1036 (7th Cir.1988) ("An attempt to define reasonable doubt presents a risk without any real benefit."). Controversies regarding definition of the term generally arise in one of the following three ways, the first two of which we have had occasion to consider in a variety of factual settings: (1) the court refuses to give an instruction requested by the defendant or stipulated by the parties; (2) the court gives a definition on its own or when requested by the jury or a party; (3) the jury requests clarification or definition, and the court refuses. The case before us falls in this last category.

### D

It is difficult to distill a rule from our cases. We have never found a refusal of a party's request for a clarifying instruction to be error. *See United States v. Woods,* 812 F.2d 1483 (4th Cir.1987) (defendant's request denied); *United States v. Ricks,* 882 F.2d 885

---

1. This footnote contains the following alignment among the federal courts of appeal: four circuits agree that failure to define is reversible, four agree that the decision to define should be left to the trial court's discretion, and two (including the Fourth Circuit) leave the decision with the trial court but condemn the use of any definition. The state courts are similarly divided.

2. This Note cites *Murphy v. Holland,* 776 F.2d 470 (4th Cir.1985), *vacated on other grounds,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 334 (1986), for the proposition that the Fourth Circuit *requires* the giving of a definition upon specific request by the jury. *See* Note at 1719 n. 32. *Murphy,* however, involved not a jury request but, rather, an argument by a habeas petitioner that a definition should *not* have been given in his state trial.

(4th Cir.1989) (same), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 846, 107 L.Ed.2d 841 (1990). In cases where a defendant has complained about a definition that *was given,* although we have spoken of "this circuit's rule against elaborating on the meaning of 'reasonable doubt' ..." (*Woods,* 812 F.2d at 1487), we usually examine the instructions as a whole to see whether the reasonable doubt instruction was prejudicially misleading or confusing. *See, e.g., United States v. Love,* 767 F.2d 1052, 1060 (4th Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 890 (1986). And although we have sometimes found error in such situations, we have not reversed on this ground alone. *See United States v. Moss,* 756 F.2d 329, 333 (4th Cir. 1985) (holding the unsolicited giving of the following definition to be harmless error: "proof of such a convincing character that you would be willing to rely upon it without hesitation in your most important affairs of your own" [sic]); *Murphy v. Holland,* 776 F.2d 470, 475–78 (4th Cir.1985) (finding harmless error in unsolicited definition), *vacated on other grounds,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 334 (1986); *Love,* 767 F.2d at 1060 (finding no plain error in unsolicited instruction); *but see United States v. Russell,* 971 F.2d 1098, 1108 (4th Cir.1992) (declaring as "frivolous" claim that it was error to give pattern jury instruction "approved" in *Moss* after request by jury), *cert. denied,* —— U.S. ——, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993). It is in this somewhat uncertain atmosphere that we approach for the first time a denial of a jury request.

### E

Those courts that favor giving a definition generally cite the following as reasons for their view: (1) the meaning of the term "reasonable doubt" is *not* self-evident. *See Nolasco,* 926 F.2d at 873 (Wiggins, J. dissenting) ("True, each word in the phrase [beyond a reasonable doubt] occurs regularly in common speech. However, placed together without further explanation, the words do not necessarily convey the high standard of proof that the due process clause requires."); (2) the term does not convey "the importance and seriousness of the high level of proof demanded by the reasonable doubt standard." *Id.;* and (3) the term is capable of being clarified. *See* Note at 1722–26 (citing various jury studies that demonstrate that jurors do not understand the meaning of reasonable doubt). In other words, definition of the term is both necessary (for stress and clarification) and possible.

The usual reasons for discouraging definitions of reasonable doubt are that the term has a "self-evident meaning comprehensible to a lay juror" and that attempts at defining the term will probably lead to "unnecessary confusion." *Murphy,* 776 F.2d at 475; *see also Thompson v. Lynaugh,* 821 F.2d 1054, 1061 (5th Cir.) ("[A]ttempts by trial courts to define 'reasonable doubt' have been disfavored by this court. Such attempts often result in using the term itself in the definition and serve only to confuse the concept in the minds of jurors."), *cert. denied,* 483 U.S. 1035, 108 S.Ct. 5, 97 L.Ed.2d 794 (1987); *United States v. Olmstead,* 832 F.2d 642, 645 (1st Cir.1987) ("Most efforts at clarification result in further obfuscation of the concept."), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1739, 100 L.Ed.2d 202 (1988). Essentially, the reason for not giving a definition is that there is no need to, and, in any event, there is no better way of explaining the concept.

### III

While we have consistently and vigorously condemned the attempts of trial courts to define reasonable doubt, *see, e.g., Moss,* 756 F.2d at 333, we have hedged a bit and suggested that an exception exists when a jury asks for a definition. *See, e.g., id.* at 334 n. 1 (suggesting a specific pattern jury instruction defining reasonable doubt to be used when a jury requests a definition). In *Murphy,* after "join[ing]" in the general condemnation of trial court attempts to define reasonable doubt ...," we added that it is wisest to avoid a definition "unless specifically requested to do so by the jury." *Id.* This last observation is made without citation to any authority. Nevertheless, and despite our vigorous disapproval of such instructions in all other situations, we have repeated this "jury-request" exception to the general rule

**46**

so often that it has virtually achieved the status of circuit precedent.[3] We reject Reives' invitation to breathe precedential life into this long line of dicta.

The underlying premise in all of our cases is that trying to explain things will confuse matters, and we cannot see why a jury request should change this premise.[4] If there is a definition that can clarify the meaning of reasonable doubt, common sense suggests that such a definition be offered to *all* juries, even those that do not venture a request. But until we find a definition that so captures the meaning of "reasonable doubt" that we would mandate its use in all criminal trials in this circuit, we cannot hold that it is error to refuse to give some definition. We note that *Sullivan* has increased the stakes where definitions are concerned, and we reaffirm our longstanding, albeit forgiving, proscription against any attempts to define reasonable doubt to jurors.

*AFFIRMED.*

---

**3.** *United States v. Porter,* 821 F.2d 968, 972 (4th Cir.1987) ("This court has urged trial courts to avoid defining reasonable doubt unless requested to do so by the jury."), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988); *Ricks,* 882 F.2d at 894 n. 12 (citing *Murphy,* speaks of "this limited exception to our general proscription in those cases where jurors are demonstrably confused or uncertain ..."); *Moss,* 756 F.2d at 334 n. 1 ("But we suggest that whenever a jury request makes an instruction defining reasonable doubt necessary, district courts should accurately replicate the pattern jury instruction used to avoid any unnecessary confusion."); *Russell,* 971 F.2d at 1108 (referring to the above quoted language in *Ricks* as a "suggest[ion] that such an instruction should be given when the jury is 'demonstrably confused or uncertain' and

requests such an instruction"); *United States v. Adkins,* 937 F.2d 947, 950 (4th Cir.1991) ("The only exception to our categorical disdain for definition is when the jury specifically requests it."); *United States v. Headspeth,* 852 F.2d 753, 755 (4th Cir.1988) ("We have frequently admonished district courts not to attempt to define reasonable doubt to the jury absent a specific request from the jury itself.")

**4.** There may be times when a jury seeks further clarification of an instruction that merely contains the term "reasonable doubt." In such a situation, the trial judge should treat such inquiries in like manner as in explaining any other instruction.