21 F.3d 426
 73 A.F.T.R.2d 94-1959
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lester V. JONES, Defendant-Appellant.
 No. 92-5661.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1993.
Decided April 13, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-90-405-MJG)
 Stephen Howard Sachs, Wilmer, Cutler & Pickering, Washington, D.C., for appellant.
 Joseph Lee Evans, Asst. U.S. Atty., Baltimore, MD, for appellee.
 Mark D. Cahn, Wilmer, Cutler & Pickering, Washington, D.C., for appellant.
 Richard D. Bennett, U.S. Atty., Ira L. Oring, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 On April 23, 1992 Lester Jones was convicted of two counts of income tax evasion in violation of 26 U.S.C. Sec. 7201. The jury found him not guilty of two counts of fraudulent filing of amended returns in violation of 26 U.S.C. Sec. 7206(1). On September 30, 1992 Jones was sentenced to eighteen months imprisonment, a $25,000 fine and a $50 special assessment. Jones appeals his conviction solely on the basis that the court erred in refusing to instruct the jury on the meaning of "reasonable doubt." Finding no error, we affirm.
 
 I.
 
 2
 Lester Jones, a Maryland attorney engaged in private practice, was randomly selected for an IRS audit in the spring of 1986. Revenue agent Joan Rowe investigated Jones' tax returns and discovered that Jones had failed to report on his federal return approximately $120,000 in 1983 and $170,000 in 1984, resulting in a tax liability of approximately $135,000.
 
 
 3
 The existence and the amount of the understatement are not contested by Jones; he claims, however, that he did not intend to underreport his income. Jones maintains that he gave all relevant information to his tax preparer, Ronald Dochter, who had boasted that he could dramatically reduce Jones' tax obligations. Jones claims that the numerous double-countings and omissions on his returns were never brought to his attention by Dochter; Jones was preoccupied with the serious illness of his wife and with a hectic, chaotic practice and therefore relied on his office staff and Dochter to prepare accurate returns.
 
 
 4
 Jones was indicted by a grand jury on October 18, 1990 and his trial began on July 1, 1991. The jury in that trial was unable to reach a verdict and a mistrial was declared on July 30, 1991. Retrial began on April 1, 1992.
 
 
 5
 Evidence at the retrial indicated that while Jones had reported an income of approximately $50,000 each year, he made expenditures for luxury items alone of $173,800 in 1983 and $237,000 in 1984. Jones also submitted several loan applications to banks during the period indicating his income to be between $150,000 and $200,000.
 
 
 6
 Jones did not testify at his retrial. His entire defense was that the government failed to carry the burden of proving his intent beyond a reasonable doubt. Jones' request that the court instruct the jury on the definition of reasonable doubt was denied.
 
 
 7
 The district court restricted defense counsel's ability to define reasonable doubt in his closing argument by permitting him to merely repeat in closing a baseball analogy to reasonable doubt that he had made in his opening argument. In his opening argument, defense counsel stated
 
 
 8
 this business of reasonable doubt is not just a matter of whether the scales tip a little bit one way or the other. It is not in this business, in the criminal business, a tie doesn't go to the runner. They got to throw us out by a mile. That is what proof beyond a reasonable doubt means.
 
 
 9
 In closing, defense counsel reiterated his point by stating that "beyond a reasonable doubt means that it is it is [sic] close, if it is anywhere near close, the Government hasn't made its case. They have to throw us out by a mile, to use a baseball metaphor." Jones argues that he was deprived of a fair trial because the district court refused to charge the jury on the definition of reasonable doubt and limited his closing argument in that respect.
 
 II.
 
 10
 The clear mandate of the Fourth Circuit is that district court judges should refrain from defining reasonable doubt. United States v. Ricks, 882 F.2d 885, 894 (4th Cir.1989); United States v. Valezquez, 847 F.2d 140, 142-43 (4th Cir.1988); United States v. Porter, 821 F.2d 968, 972-73 (4th Cir.1988); United States v. Headspeth, 852 F.2d 753, 755 (4th Cir.1988); United States v. Crockett, 813 F.2d 1310, 1317 (4th Cir.1987); United States v. Love, 767 F.2d 1052, 1060 (4th Cir.1985); United States v. Moss, 756 F.2d 329, 333 (4th Cir.1985).
 
 
 11
 This court recently addressed the issue in United States v. Reives, 15 F.3d 42 (4th Cir.1994). After indicating that "we have never found a refusal of a party's request for a clarifying instruction to be error ...," we further noted that where a definition was given, we have not reversed on that ground alone but rather have examined the instruction as a whole to see whether it was prejudicially misleading or confusing. Id. at 44. In affirming the district court's refusal to give a clarifying instruction, "we reaffirm[ed] our longstanding, albeit forgiving, proscription against any attempts to define reasonable doubt to jurors." Id. at 46.
 
 
 12
 Furthermore, we have consistently held that a district court has the authority to limit closing argument to prohibit counsel from defining reasonable doubt. Headspeth, 852 F.2d at 756; Crockett, 813 F.2d at 1317. Therefore, the district court did not err in limiting the closing argument of Jones' counsel.
 
 III.
 
 13
 Given the clear precedent of this circuit, we find that the district court did not err in rejecting Jones' request for an instruction clarifying reasonable doubt or in limiting closing argument. Jones' conviction is therefore affirmed.
 
 
 14
 AFFIRMED.