21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Meshelle CROMER, a/k/a Kelvin Mitchel Cromer, a/k/a Kelgin
Michelle Cromer, a/k/a Kevin Cromer, a/k/a
Michelle Comer, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Travis NEAL, Defendant-Appellant.
 Nos. 92-5646, 92-5647.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1993.
Decided April 19, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CR-91-474-MJG)
 Catherine Lee Schuster, Venable, Baetjer & Howard (John H. Morris, Jr., Venable, Baetjer & Howard, Paul M. Weiss, on brief), Baltimore, MD, for appellants.
 Thomas Michael DiBiagio, Asst. U.S. Atty. (Richard D. Bennett, U.S. Atty., on brief), Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Meshelle Cromer and Travis Neal were convicted on June 23, 1992 on the following counts of their indictment: (1) conspiracy to distribute cocaine base and to possess cocaine base with the intent to distribute, in violation of 21 U.S.C. Secs. 846 and 841(a)(1), (2) possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and (3) possession of a firearm in connection with drug trafficking, in violation of 18 U.S.C. Sec. 924(c). On September 4, 1992, both defendants were sentenced to concurrent ten year terms of imprisonment for counts 1 and 2 and to a consecutive five year term of imprisonment for count 3. Five years of supervised release will follow imprisonment.
 
 
 2
 Cromer and Neal appeal their convictions arguing that the district court erred in refusing to instruct the jury on the meaning of "reasonable doubt." Neal interposes a second ground for appeal, contending that there was insufficient evidence to support his conviction for possession of cocaine base with the intent to distribute and possession of a firearm in connection with a drug trafficking crime. Finding no error, we affirm.
 
 I.
 
 3
 On Sunday morning, December 8, 1991 six government agents, acting pursuant to a search warrant, forced open the door of 445 Orchard Street in Baltimore. The three story townhouse was leased to Cromer. The agents first encountered Neal attempting to load a .30 caliber rifle at the top of the stairs leading to the second floor in front of the bedroom door. Neal dropped the rifle after being ordered three times to do so. As Neal was being handcuffed, two small yellow bags of crack cocaine fell from his waistband to the floor.
 
 
 4
 The agents then entered the second floor bedroom and found Cromer in bed with forty-two red, yellow and blue bags of crack on her lap and under the covers. The yellow bags matched the two bags found in Neal's possession. One hundred eighteen empty bags were also found on the bed. Other evidence found in the second-floor bedroom included two large pieces of crack, a scale, a plastic bag of crack mixed with coffee grounds, two small bags of crack, currency in the amount of $4,587.55, a .22 caliber rifle and ammunition. In other parts of the house, agents found a nine millimeter pistol, a .12 gauge shotgun, and a loaded .25 caliber semi-automatic pistol. Personal documents belonging to Neal were found in the closet of the third floor bedroom. A total of 147 grams of crack cocaine were found in the house.
 
 
 5
 A third individual, Michael Avery, was found hiding under the steps in the basement. Avery was not a defendant in this case because the officers believed that they lacked sufficient probable cause to detain him.
 
 
 6
 Cromer testified that all the firearms belonged to her. She had asked Neal or Avery to bring the .30 caliber rifle up from the locked closet on the first floor where the gun had been stored and to put it by her night stand next to her bed. She left them a key to get the gun and fell asleep before the gun was brought to her. She further testified that Neal had slept in the third floor bedroom of the house intermittently for about a year. She testified that Neal was at the house on the day of the raid to "watch the house" for Cromer while she was in New York earlier on Saturday. Neal had keys to one of the two locks to the apartment and could enter at will, unless Cromer engaged the second lock to prevent Neal from entering.
 
 II.
 
 7
 Cromer and Neal contend that they were deprived of a fair trial because the district court rejected their request to instruct the jury on the meaning of "reasonable doubt." The district judge indicated at trial that he would have liked to have given such an instruction but believed that this circuit's precedent prevented him from doing so. Appellants argue that the district court was not so restricted and should have given the clarifying instruction.
 
 
 8
 As we make clear in another case decided today, United States v. Lester Jones, No. 92-5661 (4th Cir. Apr. 13, 1994), a district court does not err by refusing to instruct the jury on the meaning of reasonable doubt. "We reaffirm our longstanding, albeit forgiving, proscription against any attempts to define reasonable doubt to jurors." United States v. Reives, 15 F.3d 42 (4th Cir.1994). The district court correctly refrained from giving any such instruction.
 
 III.
 
 9
 Neal further claims that there is insufficient evidence to support his conviction for possession of crack cocaine with the intent to distribute and for possession of a firearm in connection with a drug trafficking crime. He contends that he did not constructively possess the drugs found in the bedroom and that the remaining evidence is insufficient to convict him of the possession charge. Neal argues that because the possession conviction cannot stand, the related firearm conviction must also fail.
 
 
 10
 Whether there is sufficient evidence to support Neal's convictions is reviewed in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). If any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt, the convictions must be affirmed. Id.
 
 
 11
 To convict the accused of possession with the intent to distribute, the government must prove that the defendant (1) knowingly (2) possessed contraband (3) with the intent to distribute it. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984). Constructive possession will satisfy the second prong and will be found where the defendant exercised, or had the power to exercise, dominion and control over the item in question. Id. The defendant's mere presence on the premises where drugs are found or association with drug dealers is insufficient to prove constructive possession. United States v. Rusher, 966 F.2d 868, 878 (4th Cir.1992). However, presence, proximity or association may establish possession when colored by evidence linking the defendant to an ongoing criminal operation. United States v. Dunn, 846 F.2d 761, 763-764 (D.C.Cir.1988). Such an evidentiary link may be inferred from the defendant's possession of firearms in proximity to an illegal drug operation. Id. at 764. Intent to distribute may be inferred from the quantity of drugs possessed. Samad, 754 F.2d at 1096.
 
 
 12
 Neal was present at the house early on Sunday morning. He either lived there or was a frequent visitor, as evidenced by his personal papers in the third floor bedroom. He had a key to one of the front door locks. Neal was given authority to watch the house in Cromer's absence. He was attempting to load and was pointing a rifle at the agents coming up the stairs. He was in close proximity and within plain view of the drugs in the second floor bedroom. Two bags of crack identical to the others found were in Neal's possession. A rational trier of fact could have concluded that Neal exercised dominion and control over the drugs and firearms in question. Therefore, there is sufficient evidence to support his convictions.
 
 IV.
 
 13
 Because we find that the district court did not err in refusing to instruct the jury on the meaning of reasonable doubt and that there is sufficient evidence to support Neal's convictions, the verdicts below are affirmed.
 
 AFFIRMED