27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Manton MIGHTY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelia O. THOMAS, Defendant-Appellant.
 Nos. 93-5871, 93-5872.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeals from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CR-92-82)
 Timothy S. Coyne, Coyne & Coyne, Winchester, VA; Suzanne M. Perka, Hazel & Thomas, P.C., Winchester, VA, for appellants.
 Robert P. Crouch, Jr., U.S. Atty., S. Randall Ramseyer, Asst. U.S. Atty., Abington, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Eric Manton Mighty and Angelia O. Thomas appeal from district court judgments finding them guilty of distribution of crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (1988). We affirm.
 
 
 2
 Mighty and Thomas first complain that the evidence was insufficient to find them guilty of distribution. They concede that a confidential informant testified to their distribution. However, they contend that this testimony was incredible and, therefore, insufficient. We do not sit to review witness credibility. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir.1987). The confidential informant's testimony was sufficient to support the guilty verdict. United States v. Burns, 990 F.2d 1426, 1439 (4th Cir.1993), cert. denied, 61 U.S.L.W. 3819 (U.S.1993).
 
 
 3
 Appellants next contend that the district court erred in refusing to give an instruction defining reasonable doubt. This Court has continually warned against giving such instructions. United States v. Reives, 15 F.3d 42, 45 (4th Cir.1994). Mighty and Thomas contend that a jury question regarding circumstantial evidence was, in effect, a request for a clarification of reasonable doubt. Even if we were to accept that dubious contention, instructions clarifying reasonable doubt are error. Id. at 46.
 
 
 4
 Finally, Mighty contends that the district court erred in allowing the confidential informant to testify that he knew Mighty was selling drugs. Mighty submits that the evidence was prohibited by Fed.R.Evid. 404(b). We disagree. First, the testimony was not admitted for its truth, and the district court instructed the jury to that effect. Second, because the evidence showed intent and lack of mistake on Mighty's part, it was admissible under Rule 404(b). United States v. Russell, 971 F.2d 1098, 1106-07 (4th Cir.1992) (Rule 404(b) excludes only evidence that only shows character), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). Therefore, we find no error in the admission of the testimony.
 
 
 5
 Because we find no error below, we affirm the district court judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED