**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                         No. 95-5959

REGINALD LAMAR DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-95-81)

Submitted: January 31, 1997

Decided: February 24, 1997

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry F. Rose, CLOER & ROSE, Hickory, North Carolina, for Appel-
lant. Mark T. Calloway, United States Attorney, Thomas G. Walker,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Lamar Davis appeals from his conviction for aiding and abetting in the commission of a bank robbery in violation of 18 U.S.C. § 2113 (1994), and use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c) (1994). We affirm.

Davis first contends that the district court erred in overruling his objection under Batson v. Kentucky, 476 U.S. 79 (1986), to the Government's use of a peremptory challenge to strike a juror allegedly on account of race. Our review reveals that the district court was not clearly erroneous in its finding that the juror was struck not because of race, but because of a delay prior to her affirmance that she would follow the law as instructed by the court, especially when the evidence reveals that three other members of this candidate's race were in fact seated on the jury.

Davis next contends that the district court erred in failing to instruct the jury on the definition of reasonable doubt. This court generally disapproves of judicial efforts to define reasonable doubt absent a specific request from jury itself, and therefore we find no error in the district court's refusal to further define the term. See United States v. Reives, 15 F.3d 42, 46 (4th Cir. 1994) (stating that district court does not err by refusing to instruct jury on meaning of reasonable doubt even when specifically requested by the jury).

Finally, Davis contends that there was insufficient evidence to support his conviction for aiding and abetting in the robbery. We find, when viewing the evidence in its totality and in the light most favorable to the Government, that there is ample evidence from which a reasonable trier of fact could find Davis guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942).

Accordingly, we affirm Davis' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2