**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5660

DAVID SHOETAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-94-388)

Submitted: January 7, 1997

Decided: March 11, 1997

Before HALL and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stanley J. Reed, LERCH, EARLY & BREWER, CHTD., Bethesda,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Richard C. Kay, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Shoetan appeals his conviction by a jury for possessing with the intent to distribute heroin in violation of 21 U.S.C.A. § 841 (West 1994 & Supp. 1996). Shoetan does not dispute the evidence presented by the Government.

Shoetan's defense was that the Government induced him to commit the crime. He testified that the Government's confidential informant, Remy Ogundeji, told him to pretend to be a drug dealer and supplied him the fifty grams of heroin that he sold to an undercover detective.

Shoetan requested an entrapment instruction and the Government objected to the instruction as submitted. The trial court found its own instruction. Although neither party requested an instruction on reasonable doubt, the trial court included a pattern instruction on reasonable doubt. After a short period of deliberation, the jury requested clarification of the entrapment instruction and the court reinstructed the jury on entrapment. The jury returned a verdict of guilty.

At the scheduled sentencing hearing, replacement counsel entered an appearance for Shoetan and the court granted a continuance to permit the filing of a motion for a new trial. The basis for Shoetan's motion was that the court erroneously instructed the jury on three occasions and Shoetan's initial counsel was ineffective. After an evidentiary hearing, the court denied the motion for a new trial. The court sentenced Shoetan to forty-one months incarceration and five years of supervised release. Shoetan timely appealed.

On appeal, Shoetan claims that the court erred in instructing the jury as to: (1) reasonable doubt; (2) his entrapment defense; and (3) his credibility as a witness; and (4) the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel.

Because Shoetan did not object to the jury instructions, the instructions are reviewed under the plain error standard. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). An appeals court will not notice an error raised for the first time on appeal unless (1) there is an error, (2) which is plain, (3) which affects the substantial rights of the defendant, and (4) which must be corrected to avoid a miscarriage of justice or damage to the "fairness, integrity or public reputation of judicial proceedings." Id. at 736-37; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996).

Shoetan claims that the court gave an improper jury instruction defining reasonable doubt. Shoetan claims that the court's instruction was defective because it: (1) made reference to what a "reasonable person" would do; and (2) suggests that reasonable doubt "is not an excuse to avoid performance of an unpleasant duty."

This court has held that instructions defining reasonable doubt are generally disapproved, absent a request from the jury. United States v. Reives, 15 F.3d 42, 44-46 (4th Cir. 1994); United States v. Love, 767 F.2d 1052, 1060 (4th Cir. 1985). However, in cases where an instruction was given, we examine the instructions as a whole to determine whether the instruction was "prejudicially misleading or confusing." Reives, 15 F.3d at 45.

The United States Supreme Court has addressed, and upheld, the validity of jury charges that include language attempting to define reasonable doubt. In Victor v. Nebraska, 511 U.S. 1 (1994), the Supreme Court reiterated its previous holding in Holland v. United States, 348 U.S. 121, 140 (1954), that the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof, so long as "'taken as a whole, the instructions . . . correctly convey the concept of reasonable doubt to the jury.'" Victor, 511 U.S. at 5 (quoting Holland, 348 U.S. at 140). The Supreme Court upheld as constitutional jury instructions: (1) which, taken as a whole, correctly conveyed the concept of reasonable doubt; and (2) where there was no "reasonable likelihood" that the jury understood the instructions to allow a conviction based on proof insufficient to meet the standard set forth in In re Winship, 397 U.S. 358 (1970). Id. at 6 (citing Estelle v. McGuire, 502 U.S. 62, 72, and n.4 (1991)); see Adams v. Aiken, 41 F.3d 175 (4th Cir. 1994), cert.

3

denied, ___ U.S. ___, 63 U.S.L.W. 3860 (U.S. June 5, 1995) (No. 94-8786).

Shoetan contends that the reasonable doubt instruction incorrectly imposed an objective standard on the jury by referring to a "reasonable person" standard. However, the reasonable doubt instruction upheld by the Supreme Court in Victor, also made reference to a "reasonable" person. Victor, 511 U.S. at 18.

Shoetan next challenges the reasonable instruction because it includes the language that reasonable doubt "is not an excuse to avoid performance of an unpleasant duty." Shoetan contends that this language improperly implies that the jury has a "duty" to convict even if they find it "unpleasant." This claim is meritless because the language clearly does not imply that a jury has a duty to convict no matter what the evidence proves.

Viewed in its entirety, the reasonable doubt instruction in this case correctly conveyed the concept of reasonable doubt, and there is no reasonable likelihood that the jury misunderstood the instruction to allow a conviction based on insufficient proof. See Victor, 511 U.S. at 6; Reives, 13 F.3d at 45. Accordingly, we find that there was no plain error in the district court's reasonable doubt instruction.

Next, Shoetan claims that the court's instruction as to his entrapment defense was defective because it failed to: (1) identify the confidential informant as a government agent legally capable of entrapping him; and (2) inform the jury that the Government had the burden of proving beyond a reasonable doubt that Shoetan was not induced by the Government and that he was predisposed to commit the crime.

"[A] valid entrapment defense has two related elements: government inducement of the crime, and lack of predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988). To establish inducement, the defendant must introduce evidence of "excessive behavior on the part of the government that could be said to be so inducive to a reasonably firm person as likely to displace mens rea." United States v. DeVore, 423 F.2d 1069, 1072 (4th Cir. 1970). Evidence that government agents provided only the opportunity to commit the crime and that the

4

defendant availed himself of that opportunity does not demonstrate inducement. Mathews v. United States, 485 U.S. at 66. A fundamental question regarding predisposition is whether the defendant possessed the necessary state of mind to commit the crime when government agents initially approached him. United States v. Blevins, 960 F.2d 1252, 1257-58 (4th Cir. 1992). Further, an entrapment defense cannot succeed if the predisposition of the defendant is established. See United States v. Akinseye, 802 F.2d 740, 743 (4th Cir. 1986).

Shoetan first contends that the court failed to inform the jury that the confidential informant, Ogundeji, was acting as a government agent capable of entrapping Shoetan. Thus, Shoetan contends, the jury could have erroneously believed that the issue of predisposition was to be determined from the time Shoetan was first introduced to the police detective, rather than when he was initially contacted by Ogundeji. Viewing the instruction in its entirety, it is clear from the initial entrapment instruction that the court identified the confidential informant and the special agent and then referred to them as "government agents" throughout the entrapment instruction.

Shoetan also contends that the entrapment instruction entirely omits any discussion as to which party has the burden of proof regarding inducement or predisposition prior to Shoetan's initial contact with Ogundeji. Again, viewing the entrapment instruction in its entirety, the court instructed the jury that one of the elements of a valid entrapment defense was that "the defendant was not ready and willing to commit the crime before the government agents spoke with him." The court further instructed the jury that "the government must convince you beyond a reasonable doubt that the defendant was not entrapped by government agents."

Viewed in its entirety, the entrapment instruction here correctly conveyed the elements of an entrapment defense. See Mathews, 485 U.S. at 63. Accordingly, we find that there was no plain error in the district court's entrapment instruction.

Lastly, Shoetan contends that the court improperly commented on Shoetan's credibility by describing him as an "interested witness." This Court has held that it is not improper for the district court, in instructing the jury about defendant's credibility as a witness, to point

5

out defendant's vital interest in the outcome of the case. <u>United States v. Figurski</u>, 545 F.2d 389, 392 (4th Cir. 1976). Accordingly, we find that there was no plain error in the district court's instruction commenting on Shoetan's testimony.

Shoetan also contends that the district court abused its discretion by denying his motion for a new trial based on the ineffective assistance of his counsel. A claim of ineffective assistance, however, is not properly raised on direct appeal unless the record conclusively discloses that defense counsel was ineffective. <u>United States v. Williams</u>, 977 F.2d 866, 871 (4th Cir. 1992). The Government contends that the district court treated Shoetan's motion for a new trial as a motion under 28 U.S.C. § 2255 (1994), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and this Court should review Shoetan's ineffective assistance claim as a habeas claim.

A review of the record, however, reveals that the district court considered Shoetan's ineffective assistance claim to determine only whether the record conclusively established ineffective assistance of counsel. The record shows that the district court did not conduct a fullfledged habeas motion review. Further, a review of the record does not conclusively disclose that Shoetan's counsel was ineffective. <u>Williams</u>, 977 F.2d at 871.

Accordingly, we affirm Shoetan's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6