**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4506

DOUGLAS W. PLEASANTS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-21-F)

Submitted: April 30, 1999

Decided: June 18, 1999

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Zeszotarski, Jr., POYNER & SPRUILL, L.L.P., Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Christine
Witcover Dean, Assistant United States Attorney, Raleigh, North Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Douglas Pleasants of conspiracy to possess with intent to distribute cocaine and marijuana. On appeal, Pleasants alleges that the district court erred: (1) in its answer to the jury's request for a definition of "reasonable doubt;" (2) by refusing to admit a letter written by a Government witness into evidence; (3) by allowing the Government to read a witness' prior testimony into evidence; and (4) in its calculation of the amount of drugs attributable to him. Pleasants also alleges that the Government violated the federal bribery statute, 18 U.S.C. § 201 (1994), when it used the testimony of cooperating witnesses against him. Finding no reversible error, we affirm.

Pleasants, his brother, and his brother's son operated a major drug trafficking ring in North Carolina for approximately fifteen years. Pleasants' nephew pled guilty prior to trial, while Pleasants and his brother proceeded to trial and were tried and convicted together. At trial, a Government witness, James Clayton Bell ("Bell"), testified that he and his drug partner from Florida made numerous trips into South Carolina in the early 1980's to sell drugs. Bell stated that he and his partner sold drugs to Douglas on at least five occasions.

Shortly after trial, another Government witness, Lewis Anthony Dorsey ("Dorsey"), wrote a letter to the prosecutor asserting that Bell gave false testimony because he never met Pleasants. Specifically, Dorsey claimed that Bell "purchased" his testimony from another inmate in the hope that he (Bell) would receive a more lenient sentence.[1] Both Pleasants and his brother filed motions for a new trial. The district court granted Pleasants' motion but denied his brother's. All

_____

[1] Bell has never recanted his testimony and continues to assert that he was telling the truth.

2

three defendants appealed, and the Government appealed the court's grant of a new trial to Pleasants. We affirmed the convictions and sentences for Pleasants' brother and nephew and the district court's order granting Pleasants' motion for a new trial.**2**

After approximately three hours of deliberation, the jury in the second trial sent a note to the district judge requesting a definition of "reasonable doubt." After consulting with the attorneys for both parties, the judge advised the jury that "reasonable doubt must be determined by the jury in light of your common experience and common sense." Pleasants alleges that use of the phrase"common experience" lowered the Government's burden of proof because most people believe that the majority of defendants are found guilty.

The decision to give, or not to give a jury instruction and the content of that instruction are reviewed for abuse of discretion, and we find no such abuse here. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). This court has consistently held that district courts should not attempt to define the term "reasonable doubt." See United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998). Although there may be a possible exception where the jury expressly asks for a definition, attempts to define "reasonable doubt" should still be avoided. Id. We find that the district judge here properly recognized circuit precedent, and his instruction, when viewed in the context of the instructions as a whole, was not prejudicially misleading or confusing. See United States v. Reives , 15 F.3d 42, 45 (4th Cir. 1994).

We review the district court's evidentiary decisions for abuse of discretion and find none. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). To the extent that Pleasants challenges the district court's refusal to admit the letter to impeach Dorsey, the issue is moot because Dorsey did not deny writing the letter, nor did he deny the contents of the letter. Therefore, there was nothing to impeach. To the extent that Pleasants challenges the refusal to admit the letter as substantive evidence of bias, any error was harmless. The district court allowed defense counsel to question both Bell and Dor-

_____

**2 See United States v. Pleasants** , Nos. 96-4795/4796/4818 (4th Cir. Dec. 8, 1997) (unpublished).

3

sey concerning the contents of the letter and to explore the issue of bias by eliciting testimony that both witnesses were eager to receive a reduction in their sentences by testifying.

Likewise, the district court did not abuse its discretion by allowing the Government to read the prior testimony of a witness into evidence. Although the witness testified at Pleasants' first trial, he refused to testify at the second, and the district court properly found him "unavailable" pursuant to Fed. R. Evid. 804(a)(2). We find Pleasants' conclusory allegation that the Government created the witness' unavailability to be unsupported by the record. We further reject Pleasants' claim that the reading of the witness' prior testimony deprived him of the opportunity to cross-examine the witness. Pleasants' attorney's cross-examination in the prior proceeding was read into evidence, and we find that this satisfied the requirements of Rule 804(b)(1).

The district court's factual determination concerning the amount of drugs attributable to Pleasants should be upheld absent clear error.[3] See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). In addition, Pleasants bore the burden of showing that the drug amounts contained in the presentence report were inaccurate, and his conclusory allegations failed to satisfy this burden. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (mere objections alone are insufficient). As a member of the conspiracy, Pleasants was accountable for all of the drugs reasonably foreseeable to him. See United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993); United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir. 1993). Since the amount of drugs seized (none) did not reflect the scale of the offense, the district court was allowed to estimate the amount attributable to Pleasants. See United States v. Kennedy, 32 F.3d 876, 887 (4th Cir. 1994).

The evidence in this case showed that the Pleasants family operated a major drug distribution conspiracy over a period of approximately fifteen years. Several witnesses provided testimony and information concerning the amount of drugs they purchased from the Pleasants.

_____

[3] The district court held Pleasants liable for all of the drugs distributed to the four "customers" he regularly delivered to, even though he did not personally make all of the deliveries.

4

Moreover, there was significant evidence showing that Pleasants was actively involved in the conspiracy during the charged time frame, even though he did not make any deliveries to the "customers" in question until after 1990. The close family relationship among the primary conspirators certainly could suggest that Pleasants was intimately aware of the conspiracy and was a trusted participant from the beginning of the enterprise.

Pleasants cites United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), for the proposition that the Government violated the federal bribery statute by using the testimony of cooperating witnesses. Every circuit which has addressed this issue has rejected it, including the Tenth Circuit in a recent en banc decision. See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999), petition for cert. filed, (Mar. 31, 1999) (No. 98-8758).

We therefore affirm Pleasants' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5