UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                    No. 01-4019

DAMON MCCARROL SCOTT, a/k/a G,
       *Defendant-Appellant.*

UNITED STATES OF AMERICA,
       *Plaintiff-Appellant,*

v.                                    No. 01-4076

DAMON MCCARROL SCOTT, a/k/a G,
       *Defendant-Appellee.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-00-102)

Submitted: July 31, 2001

Decided: September 5, 2001

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Jonathan Shapiro, LAW OFFICES OF JONATHAN SHAPIRO, P.C., Alexandria, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Alessandra DeBlasio, Assistant United States Attorney, Gene Rossi, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Damon McCarrol Scott appeals from his convictions for conspiracy to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West 1999), and distribution of cocaine base in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). The United States has appealed from the sentence imposed. Finding no error in either the conviction or the sentence, we affirm.

The first issue Scott raises on appeal is whether the prosecutor's questions and comments concerning the presence of Scott's family in the courtroom, that his nickname was "Gotti," that he gave the nickname "Nino" to a friend, the nature of his relationship with his girlfriend, the fact that he owned a pit-bull, and the alteration of his appearance before trial prejudiced the jury and denied him a fair trial. After consideration of the factors in *United States v. Wilson*, 135 F.3d 291, 299 (4th Cir. 1998), and *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983), we find that the prosecutor's questions and comments did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Second, Scott contends that the district court improperly admitted into evidence a hearsay statement. We find no clear error in the district court's decision to admit the challenged statement under Rule 801(d)(2)(E). *See United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992) (providing standard). The challenged statement was that in response to the witness' query as to when he could obtain crack cocaine, the declarant informed him that he would be getting some crack later in the day from a guy named "G," which was a nickname that Scott used. We agree with the district court that the statement was not hearsay because it was made in the course of and in furtherance of the conspiracy, *see* Fed. R. Evid. 801(d)(2)(E), and was not merely idle conversation. *See United States v. Lewis*, 10 F.3d 1086, 1091-92 (4th Cir. 1993); *United States v. Capers*, 61 F.3d 1100, 1106 (4th Cir. 1995) (finding that statement to potential drug customer about declarant's past and future trips with defendant was in furtherance of conspiracy).

Scott next contends that the evidence was insufficient to support the jury's verdict. We find that the evidence, viewed in the light most favorable to the government, was sufficient for a reasonable trier of fact to have found the defendant guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). Contrary to Scott's contention, the testimony of a single uncorroborated informant can be enough to uphold a conviction. *United States v. Wilson*, 115 F.3d 1185, 1189-90 (4th Cir. 1997). However, here, there was some corroboration of the informant's testimony. Also, tellingly, upon his arrest, Scott commanded his girlfriend not to say anything and he apologized to his friend and coconspirator. In sum, we find that the evidence was sufficient to support Scott's convictions on both the conspiracy and the distribution charge. *See Glasser*, 315 U.S. at 80; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

The next issue presented by Scott's appeal is whether the district court abused its discretion by denying Scott's requested instruction defining "reasonable doubt." Because the court adequately instructed the jury as to the burden of proof, *see Victor v. Nebraska*, 511 U.S. 1, 5 (1994), and in light of this court's cautions against defining reasonable doubt, *see United States v. Reives*, 15 F.3d 42, 44-45 (4th Cir. 1994), we find that the district court did not abuse its discretion in refusing Scott's request for an instruction as to the meaning of "rea-

sonable doubt." *See United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992) (providing standard).

The last issue to be addressed in these appeals is presented by the government's cross-appeal and presents the question of whether the court erred in rejecting the government's argument that, in light of the court's finding as to drug amount, Scott was subject to a twenty-year mandatory minimum sentence under § 841(b)(1)(A). The sentencing court found that, in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), without a jury finding as to quantity, the mandatory minimum sentence under § 841(b)(1)(A), did not apply to Scott's sentence. Because there was no mandatory minimum under § 841(b)(1)(C)—the statute under which Scott was to be sentenced without a jury finding as to quantity—the district court applied the Sentencing Guidelines and imposed a 151-month sentence.

We find that the district court properly declined to impose the mandatory minimum sentence under § 841(b)(1)(A), when, because there were no jury findings as to quantity, the statutory maximum sentence was that under § 841(b)(1)(C). *See United States v. Ramirez*, 242 F.3d 348, 351-52 (6th Cir. 2001) (reversing district court's imposition of twenty-year mandatory minimum under § 841(b)(1)(A) when drug quantity found by judge, not jury).

In conclusion, we affirm Scott's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*