UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                      No. 00-4733

FERNANDO RENEE WARE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-98-313-HMN)

Submitted: October 31, 2001

Decided: January 15, 2002

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert C. Bonsib, Beau Kealy, MARCUS & BONSIB, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Ronald J. Tenpas, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Fernando Renee Ware appeals from his conviction for possession with intent to distribute, and conspiracy to distribute and possess with intent to distribute, powder and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and aiding and abetting in violation of 18 U.S.C.A. § 2 (West 2000). Ware has also filed a motion requesting permission to file a pro se supplemental brief. Finding no reversible error, we affirm.

On appeal, Ware contends the district court improperly admitted hearsay evidence. We review for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Because we find the complained of evidence was not hearsay, but was admitted solely for the purpose of explaining the course of the police investigation, we find no abuse of discretion. *See United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985).

Ware also contends the district court improperly admitted expert testimony from a law enforcement officer regarding the meaning of certain portions of taped conversations between Ware and an informant under Fed. R. Evid. 702. Ware further contends the testimony violated Fed. R. Evid. 704(b). Upon careful consideration of the record, we conclude both claims are without merit.

Ware next contends the trial court abused its discretion by admitting a police officer's voice identification testimony regarding the same taped conversations. Ware suggests the officer had no independent basis, other than information provided by an informant, that the voice on the tapes was Ware's. This contention is belied by the record. Because the officer had sufficient familiarity with Ware's voice to allow him to identify Ware as the person whose voice is on the recordings, we find no abuse of discretion. *See United States v. Robinson*, 707 F.2d 811, 814 (4th Cir. 1983).

Ware next contends the district court erred by denying his motion to suppress the evidence seized from his vehicle following his arrest. Ware contends police did not have probable cause to arrest him and that any evidence seized in the search incident to his arrest was therefore inadmissible. Probable cause for a warrantless arrest exists when facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998). A finding of probable cause is based upon a practical assessment of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Considering the totality of the circumstances of which police had knowledge at the time, we find ample probable cause existed for Ware's arrest. Thus, the evidence seized in the search incident to arrest was admissible.

Ware also contends the court erred by refusing to instruct the jury regarding the meaning of reasonable doubt and by giving the jury a limited flight instruction. In general, the decision to give, or not to give, a jury instruction and the content of that instruction are reviewed for an abuse of discretion. *United States v. Burgos*, 55 F.3d 933, 935 (4th Cir. 1995).

Ware's argument that the district court erred by refusing to instruct the jury regarding the meaning of reasonable doubt is foreclosed by this court's decision in *United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994) (condemning the attempts of trial courts to define reasonable doubt). We decline Ware's invitation to reconsider that decision.

We also find Ware's argument that the district court erred by giving a limited flight instruction unavailing. Despite Ware's contentions to the contrary, there was sufficient evidence produced at trial to show flight. Thus, we find the district court did not abuse its discretion in deciding which jury instructions to give and which not to give.

Finally, in his pro se supplemental brief, Ware contends his conviction must be overturned because the indictment failed to allege a specific drug quantity. We find this argument to be without merit, as Ware's sentence of 235 months falls within the statutory limits under

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

Accordingly, we affirm Ware's conviction. Further, we grant Ware's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*