UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

LOUISA SATIA, a/k/a Louisa Nanji,
a/k/a Louisa Anda, a/k/a Louisa
Njoe,

                    *Defendant-Appellant.*

No. 02-4287

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

KEVIN WATON NANJI,
                    *Defendant-Appellant.*

No. 02-4288

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-590-AW)

Submitted: April 30, 2003

Decided: June 23, 2003

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

**COUNSEL**

Robert C. Bonsib, Beau Kealy, MARCUS & BONSIB, Greenbelt, Maryland; Cary J. Hansel, III, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, Seth Alexander Rosenthal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Louisa Satia and Kevin Waton Nanji were convicted by a jury of involuntary servitude, in violation of 18 U.S.C. § 1584 (2000), conspiracy to illegally harbor and induce an alien to enter the United States, in violation of 18 U.S.C. § 371 (2000), and harboring an alien for financial gain, in violation of 8 U.S.C. § 1324 (2000). Additionally, Satia was convicted of conspiracy to commit marriage fraud and passport fraud, in violation of 18 U.S.C. § 371. Both defendants received a 108-month sentence. For the reasons that follow, we affirm in part and dismiss in part.

Satia first argues on appeal that the district court erred in denying her motion to sever the harboring and involuntary servitude counts from the counts charging passport and marriage fraud, and various motions for mistrial on the same basis. Ostensibly, Satia argues that a common scheme did not exist between the harboring/servitude offenses and the passport/marriage fraud offenses to justify joinder of the counts, particularly in light of the alleged prejudice to her.

Rule 8(a) provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar charac-

ter or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." This court reviews de novo the district court's refusal to grant a misjoinder motion to determine whether the initial joinder of the offenses was proper under Rule 8(a). *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). If joinder was proper, review of the denial of a motion to sever is for an abuse of discretion under Fed. R. Crim. P. 14. *Id.* We have reviewed the record in this case in light of the parties' arguments and find that the district court did not err in denying Satia's motion to sever the counts.

Nanji argues that the district court erred by denying his motion to sever his trial from Satia's on the ground that evidence against Satia would prejudice him. Denial of a motion to sever is reviewed for an abuse of discretion. *United States v. Spitler*, 800 F.2d 1267, 1271-72 (4th Cir. 1986). As a general rule, persons who are indicted together should be tried together, especially when they have been charged with conspiracy. *United States v. Tipton*, 90 F.3d 861, 883 (4th Cir. 1996). Nanji must show that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Nanji must make a showing of actual prejudice from the joint trial, not merely show that separate trials would offer a better chance of acquittal. *See United States v. Najjar*, 300 F.3d 466, 473 (4th Cir.), *cert. denied*, 123 S. Ct. 705 (2002). We find no abuse of discretion in the denial of Nanji's motion to sever his trial from that of Satia.

Nanji and Satia next claim that the district court improperly admitted the following Fed. R. Evid. 404(b) evidence: Nanji's sexual aggression against Rose Odine; both defendants' redacted tax returns and corresponding testimony from IRS Special Agent Dick Wallace; three different social security number applications by Satia; and the testimony of Department of Labor employee Stephen Stefanko regarding the prevailing wage rate for houseworkers in Montgomery County during the period that the defendants held Rose in servitude.

We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be

found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *See United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *Queen*, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen*, 132 F.3d at 994-95; *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rule 404(b) if the evidence is: (1) relevant to an issue other than the general character of the defendant; (2) necessary, in that it is probative of an element of the offense; and (3) reliable. Further, the probative value of the evidence must not be substantially outweighed by its prejudicial value. Fed. R. Evid. 403; *Queen*, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. *Queen*, 132 F.3d at 997. We have reviewed the record and find no abuse of discretion in the court's admission of the challenged evidence.

Nanji also argues that the district court erred in denying his motion for judgment of acquittal on the ground that there was insufficient evidence to support the jury's finding that he was guilty of involuntary servitude. This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion is based on sufficiency of the evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir.) (citing *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)), *cert. denied*, 534 U.S. 1049 (2001), *and cert. denied*, 535 U.S. 977 (2002). If substantial evi-

dence exists to support a verdict, the verdict must be sustained. *Glasser*, 315 U.S. at 80. We find sufficient evidence in the record to support the jury's verdict and therefore find no reversible error in the court's denial of Nanji's motion for judgment of acquittal.

Nanji and Satia also assert that the district court erred in refusing to instruct the jury on the definition of reasonable doubt. In general, the decision to give, or not to give, a jury instruction and the content of that instruction are reviewed for an abuse of discretion. *United States v. Burgos*, 55 F.3d 933, 935 (4th Cir. 1995). Specifically, this court does not require or encourage trial courts to define reasonable doubt. *See United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998). Thus, the district court did not abuse its discretion in refusing to define reasonable doubt. *See United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994) (condemning the attempts of trial courts to define reasonable doubt). Nanji and Satia concede that their argument is foreclosed by this court's prior holdings, but urge this court to reconsider its position. However, a panel of the court is bound by the prior panel and en banc decisions of the court, and that binding precedent can be reversed only by the court en banc. *See Joseph v. Angelone*, 184 F.3d 320, 325 (4th Cir. 1999) (considering en banc decisions); *Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840-41 (4th Cir. 1990) (considering panel decisions).

The defendants also argue on appeal that the district court erred in applying a two-level obstruction of justice enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (2001). Section 3C1.1 allows a two-level increase when a defendant willfully obstructs or impedes the administration of justice during the investigation, prosecution or sentencing of the offense of conviction. The district court's factual findings concerning sentencing factors are reviewed for clear error. *United States v. France*, 164 F.3d 203, 209 (4th Cir. 1998). Its legal determinations are reviewed de novo. *Id.* We find no error in the district court's imposition of this enhancement based on subornation of perjury.

Nanji also argues that the court erred in denying his motion for a downward adjustment for his mitigating role in the offense. A defendant has the burden of showing by a preponderance of the evidence that he had a mitigating role in the offense. *United States v. Akinkoye*,

185 F.3d 192, 202 (4th Cir. 1999). A defendant may receive a four-level reduction for being a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2(a), comment. (n.4). This level of culpability is shown by the defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." *Id.* A two-level reduction may be made when a defendant is a minor participant, that is, one who "is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). The "critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation omitted). Role adjustments are determined on the basis of the defendant's relevant conduct. *United States v. Fells*, 920 F.2d 1179, 1183-84 (4th Cir. 1990). The district court's determination concerning the defendant's role in the offense is a factual issue we review for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). We find no clear error in the district court's determination that Nanji simply was not a minimal or minor participant to warrant the reduction.

Last, Nanji claims that the district court erred in denying his motion for a downward departure based on his employment history and both defendants challenge the denial of a downward departure based on their family circumstances. The district court found that the defendants' circumstances were not extraordinary enough to warrant departure. A sentencing court's decision not to depart is not reviewable unless the court's decision is based on a mistaken view that it lacks authority to do so. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). Review is not available if the district court decides facts and circumstances of the case do not warrant departure. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). Because the court's decision was not based on a mistaken view that it lacked the authority to depart, this issue is not subject to appellate review. *See United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir. 2000).

Accordingly we affirm Satia's and Nanji's convictions and sentences. As to their challenge to the court's denial of their motions for

downward departure, such denial is not reviewable, and that portion of the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*